UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEREK HINKLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:13-cr-00049-NT<br>2:21-cv-00344-NT |

**ORDER ON PETITION FOR POSTCONVICITON RELIEF**

Petitioner filed a postconviction motion challenging the Court's jurisdiction and, therefore, his conviction and sentence. (Motion, ECF No. 138). Because Plaintiff challenges his conviction and sentence, the motion is properly characterized as a motion pursuant to 28 U.S.C § 2255, to vacate, set aside or correct his sentence.

In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court discussed the process by which a court may construe a request for relief as a section 2255 motion:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

*Id.* at 377 (citations omitted). The Supreme Court also explained that the reason for permitting a petitioner to amend the motion is "so that it contains all the § 2255 claims he believes he has." *Id.* at 383.

Given the relief Petitioner seeks, the characterization of Petitioner's motion as a section 2255 motion is appropriate. In accordance with *Castro*, therefore, the Court (1) advises Petitioner that the Court has construed his pro se filing to be a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255; (2) advises Petitioner that if at some point in the future Petitioner files a second or successive section 2255 motion, the recharacterization of this first section 2255 motion will subject him to the restrictions on second or successive collateral challenges; and (3) permits Petitioner until January 14, 2022, either to withdraw or to amend his section 2255 motion if he wishes to do so.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of December, 2021.